UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON GRUETER; MARK POREMAN; ALLAN LIGI; KENNETH CASCARELLA; ANDREW POKLADOWSKI; INWOOD CAPITAL PARTNERS LLC; SANDRA MCALLISTER; THOMAS DOBRON; LESLIE SCHULTZ; MICHAEL PESICK; and THOMAS BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>WITHERSPOON BRAJCICH MCPHEE PLLC; and PETER EDWIN MOYE,<br><br>Defendants. | NO. 2:23-CV-0227-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION |

BEFORE THE COURT is Plaintiffs' Motion for Summary Judgment on the Second Cause of Action. ECF No. 65. This matter was submitted for consideration without oral argument. The Court as reviewed the record and files

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 1

herein and is fully informed. For the reasons discussed below, Plaintiff's motion for summary judgment is **DENIED**.

## BACKGROUND

This case arises out of a failed transaction for medical equipment. The Court previously denied Plaintiffs' motion for summary judgment as to Plaintiffs' third claim of breach of fiduciary duty. ECF No. 64. Now Plaintiffs bring a summary judgment motion as to their second cause of action for legal malpractice. The facts of this case have not changed since the Court's previous order; therefore, a more detailed review of the factual background may be found therein (ECF No. 64).

To summarize, Defendant Peter Edwin Moye ("Moye") was corporate counsel for a now dissolved Washington e-commerce medical distribution company, H-Source Distribution-U.S., Inc. ("H-Source"). H-Source entered into a supply agreement with CCG Trading, Inc. ("CCG"), a medical supply company, for the purchase of six million boxes of Malaysian-manufactured nitrile examination gloves. ECF No. 64 at 2. A new agreement was subsequently entered into that laid out the terms for a trial shipment of 250,000 boxes of gloves in exchange for one million U.S. dollars. *Id.* at 3. Per the agreement, the funds were to be placed in an escrow account pursuant to an escrow agreement with Moye having signatory control over the release of any escrow funds from the escrow

account. *Id.* at 4. H-Source identified Plaintiffs as investors for the agreement, and Plaintiffs subsequently executed a separate investors agreement. *Id.* H-Source received wiring instructions to send the money to a New York Chase bank account named "Atari Interactive Inc.", and Plaintiffs thereafter were directed to each individually wire funds, collectively one million dollars, to the named account. However, before the wires were completed, Moye received notice that the account could not accept wires from individuals who were not signatories to the escrow agreement. Each investor was instructed to cancel the wire, and the funds were returned to Plaintiffs. *Id.* at 5.

Moye received a second set of wiring instructions to wire the collective one million dollars to a different New York Chase bank account named "AtariAlphaVerseCBI." Moye directed Plaintiffs to wire their funds to a client trust account maintained by Moye's firm, Witherspoon Brajcich McPhee PLLC ("WBM"). *Id.* at 5-6. WBM then wired the one million dollars to the AtariAlphaVerseCBI account. However, the trial order was never completed and the one million dollars was never returned to H-Source or Plaintiffs despite recovery efforts. Plaintiffs brought this action against Moye and WBM for (1) negligence, (2) legal malpractice, (3) breach of fiduciary duty, and (4) breach of oral contract. Plaintiffs move for summary judgment as to the claim of legal malpractice.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 3

## DISCUSSION

A claim for legal malpractice requires a plaintiff prove the following elements:

> (1) The existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred.

*Hizey v. Carpenter*, 119 Wash.2d 251, 260-61 (1992).

Plaintiffs argue Defendants owed a duty to Plaintiffs as non-clients and were therefore required to exercise their fiduciary duty with the same degree of skill, care, and diligence as a reasonably prudent attorney in Washington State. Plaintiffs explain Defendants breached that fiduciary duty by failing to exercise due diligence in investigating the "red flags" in the second set of wiring instructions. Had Defendants exercised due diligence and made an inquiry, Plaintiffs argue they would have refrained from wiring the one-millions dollars. This fiduciary breach was therefore the proximate cause of Plaintiffs' damages. ECF No. 65 at 14-22. Plaintiffs also contend Defendants breached their duty in failing to advise Plaintiffs to engage independent counsel and disclose the irregularities in the second set of instructions. *Id.* at 21.

Defendants do not challenge Plaintiffs' contentions that Defendants owed a fiduciary duty to Plaintiffs as nonclients as an attorney would to a client but rather

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 4

argue reasonable minds could differ on the existence of any "red flags."  ECF No. 69 at 10-11.  Defendants also rely on the Court's prior summary judgment order that concluded an escrow agent did not have a duty to investigate the alleged "red flags."  *Id.* at 11-12.  Finally, Defendants contend that it was reasonable to not advise Plaintiffs to engage independent counsel, but even if it was not, Plaintiffs cannot show that failure to do so was a proximate cause of Plaintiffs' damages.  *Id.* at 13-14.

Plaintiffs' arguments in support of their legal malpractice claim are confusing in that they argue Defendants were negligent in exercising due care regarding the second set of wiring instructions but also claim Defendants breached their fiduciary duty owed to Plaintiffs.  ECF No. 65 at 16, 18.  This conflates two different causes of action, legal malpractice on the basis of legal negligence and breach of fiduciary duty.  The two are distinct in several ways.  First, whether an attorney breached an owed fiduciary duty is a question of law.  *Eriks v. Denver*, 118 Wash.2d 451, 457 (1992).  In contrast, whether an attorney breached their duty of care in a legal negligence claim is a question of fact that requires a finding that the attorney failed to exercise "the degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in their practice of law" in Washington.  *Geer v. Tonnon*, 137 Wash.App. 838, 850-851 (2007) (quoting *Hizey v. Carpenter*, 119 Wash.2d 251, 261 (1992)).

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 5

  Second, Plaintiffs are correct in that a legal malpractice claim in the context of legal negligence may not rely on the Rules of Professional Conduct ("RPC") as a basis for civil liability. ECF No. 65 at 15. Rather, the focus is on an attorney's general duties to exercise due care during their representation of a client. In contrast, a breach of fiduciary duty claim may rely on an RPC violation. *See Eriks*, 118 Wash.2d at 461 (affirming trial court decision that attorney breached fiduciary duty by violating the Code of Professional Responsibility); *Cotton v. Kronenberg*, 111 Wash.2d 258, 266 (2002) ("The trial court properly considered the RPCs to determine whether Kronenberg breached his fiduciary duty to Cotton."); *Tomchak v. Greenberg*, 195 Wash.App. 1027 (2016) (unpublished) ("The Rules of Professional Conduct (RPC) generally outline an attorney's fiduciary duties."). The Court disagrees with a prior decision out of this district, *Bronzich v. Persels & Assocs., LLC*, No. CV-10-0364-EFS, 2011 WL 2119372, at *10 (E.D. Wash. May 27, 2011), concluding the RPC may not be relied on for a breach of fiduciary duty claim and need not follow it. Nor does the Court find Plaintiffs' expert opinion on the matter persuasive. *Eriks*, 118 Wash.2d at 458 (explaining a district court may give an expert's opinion "as much weight as it [thinks] proper, or no weight at all" to the extent it contains conclusions of law).

  However, the issue now before the Court does not concern Plaintiffs' breach of fiduciary duty claim, but legal malpractice. The Court will therefore review

each element for a legal malpractice claim to determine whether summary judgment is appropriate.

  1. *Existence of Attorney-Client Relationship*

Plaintiffs concede the absence of an express attorney-client relationship with Defendants, but argue they were still owed a duty of care as non-clients pursuant to *Trask v. Butler*, 123 Wash.2d 835 (1994). In general, only a lawyer's client may bring an action of legal malpractice, however, in some situations a lawyer may owe a duty of care to a non-client. *Trask*, 123 Wash.2d at 840. The Washington Supreme Court in *Trask* laid out a six-factor balancing test a district court may apply to determine whether a lawyer owes a duty of care to a non-client. The court must assess:

    1. The extent to which the transaction was intended to benefit the plaintiff;

    2. The foreseeability of harm to the plaintiff;

    3. The degree of certainty that the plaintiff suffered injury;

    4. The closeness of the connection between the defendant's conduct and the injury;

    5. The policy of preventing future harm; and

    6. The extent to which the profession would be unduly burdened by a finding of liability.

*Trask*, 123 Wash.2d at 843.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 7

The question of whether the transaction intended to benefit the plaintiff is a threshold matter; no further inquiry is needed if no such intent exists. *Id.*

First, holding Plaintiffs' funds in Defendants' trust account was inherently meant to benefit Plaintiffs. As the court in *Hetzel v. Parks*, 93 Wash.App. 929 (1999), explained, "[t]he purpose of depositing client funds in an attorney's trust account is to benefit the client by exerting a fiduciary's control over the client's money." *Hetzel*, 93 Wash.App. at 937. Thus, when Moye directed the funds be placed in his firm's trust account with the assurance any disbursement required his signature, he and WBM stepped into the fiduciary role. *Id.*

"The next element under *Trask* to determine whether a duty is owed to a non-client is the foreseeability of harm to the plaintiff if the duty is breached." *Id.* at 938. "Intentional or criminal conduct of a third person may be foreseeable 'if the actual harm fell within a general field of danger which should have been anticipated.'" *Id.* (quoting *Johnson v. State*, 77 Wash.App. 934, 942 (1995)). Here Moye was entrusted to wire the collected $1,000,000 to the proper account. It is foreseeable that if Moye did not exercise due diligence in insuring the funds were being wired to the proper account, there was a risk of harm to Plaintiffs. "Trust accounts exist because of the general danger that funds not protected with the care of a fiduciary will foreseeably vanish or dissipate." *Id.*

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 8

As for the third factor, there is no uncertainty that Plaintiffs have still not had their funds returned nor have they even been located. For the fourth factor, the wiring of the funds to the wrong account was directly due to Moye's conduct. The fifth factor also weighs in favor of recognizing a duty to Plaintiffs because "[c]onfidence in the bar demands that lawyers preserve the integrity of entrusted funds and that lawyers promptly, accurately and fully account for such funds." *In re Deschane*, 84 Wash.2d 514, 516 (1992). Finally, the sixth factor does not weigh against finding Defendants owed a duty to Plaintiffs because as the *Hetzel* court explained, an attorney who takes charge of funds of a non-client "should treat those funds with the same care as is required for funds of his own client. Such a duty imposes no new professional burdens." *Hetzel*, 93 Wash.App. at 939.

Under these facts, the Court concludes Defendants owed Plaintiffs a duty of care to protect their investments as a reasonable attorney would for his own client's funds. Defendants do not make any arguments that they did not owe a duty to Plaintiffs.

2. Breach of Duty

Plaintiffs argue that Defendants' failure to exercise due diligence by investigating the "red flags" before sending Plaintiffs' money to the account in the wiring instructions was so obvious that the Court can conclude Defendants breached their duty of care as a matter of law. ECF No. 65 at 18-19.

To establish a breach of duty of care, Plaintiffs must show Defendants failed to exercise "the degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law" in this state. *Hizey,* 119 Wash.2d at 261. "Expert testimony is often required to determine whether an attorney's duty of care was breached in a legal professional negligence action, because the '[l]aw is admittedly a highly technical field beyond the knowledge of the ordinary person.'" *Geer v. Tonnon*, 137 Wash.App. 838, 851 (2007) (quoting *Lynch v. Republic Publishing Co.,* 40 Wash.2d 379, 389 (1952)).

Plaintiffs provide expert testimony opining that Defendants' failure to investigate the second set of wiring instructions fell below the standard of care exercised by reasonable prudent lawyers practicing in Washington. ECF No. 65-2. Defendants argue that despite this expert testimony, summary judgment is still inappropriate in part because their own expert will refute Plaintiffs' expert on the existence of "red flags." ECF No. 69 at 10. However, proper expert testimony on the breach of duty element in a legal malpractice context addresses whether the conduct in question fell below the standard of care practiced by lawyers in Washington. *See Dang v. Floyd, Pflueger & Ringer, PS*, 24 Wash.App. 2d 145, 161 (2022) ("This court concluded that the plaintiff's evidence failed to show a breach of the standard of care, where the plaintiff's experts testified only that they

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 10

would have handled the issue differently but conspicuously not that the attorney's handling of the issue was a breach of the standard of care."). Thus, Defendants' expert cannot refute Plaintiffs' expert on the breach element of the legal malpractice claim because Defendants' expert, a Certified Public Accountant, is not providing testimony on whether Defendants' conduct met the applicable standard of care. *See* ECF No. 62.

Even without considering Defendants' expert testimony, the Court still concludes Defendants' breach was not so obvious as to be decided as a matter of law by the Court. Defendants have provided evidence that Moye had reason to believe NOUAM and Emerio Banque were legitimate operations through his own research and communications with CCG. ECF No. 60. This raises a question of fact of whether Defendants' actions were reasonable.

Plaintiffs additionally argue Defendants breached their duty owed to Plaintiffs by failing to advise them to obtain separate counsel. ECF No. 65 at 21. Plaintiffs reason Defendants had a duty to H-Source to follow the wiring instructions forwarded to them by H-Source's client while simultaneously having a duty to handle Plaintiffs' money with due care. ECF No. 71 at 7-8. As a result a conflict of interest arose when Defendants learned, or the possibility existed, that a transfer in accordance with the instructions might be harmful to Plaintiffs. *Id*.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 11

The RPC lays out rules regarding a conflict of interest.  *See, e.g.*, RPC 1.7, 1.8, and 1.9.  Violation of the RPC may not be used as evidence of legal malpractice; however, an expert may address the legal standard of care regarding conflicts of interest, and an attorney's deviation from it, without explicitly referencing the RPC.  *Hizey*, 119 Wash.2d at 259, 265.  "Without this evidentiary link, the plaintiff risks dismissal of the malpractice case for failure to properly establish the breach of the duty of care." *Id.* at 265.  Thus, expert testimony may be required to even establish a question of fact as to the existence of a conflict of interest.

In this case, Plaintiffs' expert opines that lawyers in Washington who assume responsibility over escrow funds have a duty to "inform parties to consider obtaining independent counsel to advise them in their individual interests in the transaction," and Defendants should have done so here.  ECF No. 65-2 at 18-19.  However, the cases the expert relies on, *Bowers v. Transamerica Title Ins. Co.*, 100 Wash.2d 581 (1983) and *Eriks v. Denver*, do not support this contention.  In *Bowers* the attorney escrow agent was representing both the buyer and seller in a real estate transaction.  The court concluded the attorney was placed in a position of representing different interests because "[t]he buyer's interest in obtaining an unsecured sale was diametrically opposed to the seller's interest in securing full payment of the purchase price." *Id.* at 589.  The attorney therefore violated the

1  "duty to refuse to accept or to continue employment if the interests of another
2  client may impair the independent professional judgment of the lawyer" imposed
3  by the Code of Professional Conduct (now Rules of Professional Conduct). *Id.* at
4  588.  And in *Eriks*, the attorney there had a conflict of interest when he agreed to
5  represent two parties knowing at the time he undertook the representation that one
6  had potential civil claims against the other. *Eriks*, 118 Wash.2d at 455.

7  Here, H-Source and Plaintiffs were not holding such "diametrically
8  opposed" interests.  They were on the same side of the transaction, and both had an
9  interest in the funds being wired to a legitimate account.  Moreover, this is not a
10 situation where Defendants owed a duty of care to both H-Source and Plaintiffs
11 after potential claims against H-source arose.  Plaintiffs' argument that a conflict of
12 interest existed once Defendants received the wiring instructions is simply too
13 attenuated to create a question of fact on whether a breach of duty occurred based
14 on that reasoning.  The Court concludes Plaintiffs have not presented enough
15 evidence to raise a question of fact of whether a conflict of interest existed.
16 Therefore, Defendants did not breach their duty of care in failing to advise
17 Plaintiffs to seek independent counsel.

18 But a question of fact does remain whether Defendants breached their duty
19 of care owed to Plaintiffs by failing to inquire on the changes in the wiring
20 instructions or should have disclosed the changes to Plaintiffs.  Because a question

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
ON SECOND CAUSE OF ACTION ~ 13

of fact remains, Plaintiffs' motion for summary judgment as to the legal malpractice claim must be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Summary Judgment on the Second Cause of Action (ECF No. 65) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 2, 2025.

THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CAUSE OF ACTION ~ 14